UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE WILLIAMS,<br><br>　　　　　Plaintiff,<br>　v.<br>MILLER, et al.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-00426-ART-CLB<br><br>ORDER |

I. **DISCUSSION**

On December 2, 2022, this Court dismissed Plaintiff's action without prejudice because Plaintiff failed to file a fully complete application to proceed *in forma pauperis* or pay the $402 filing fee in compliance with this Court's order. (ECF No. 5). Instead, Plaintiff only submitted a financial certificate and an inmate account statement but did not submit pages 1 through 3 of the application. (*See* ECF No. 4).

On January 5, 2023, Plaintiff filed a motion with the Court inquiring how to reopen his case and noted that his failure to file the 3-page application was a "novice error" and that he has proof that his *in forma pauperis* pack was complete on October 4, 2022. (ECF No. 9 at 2).

The Court grants Plaintiff's motion. If Plaintiff would like to move to reopen his case, he will submit the remaining 3 pages of his application to proceed *in forma pauperis* within 30 days from the date of this order, and he will need to demonstrate excusable neglect in his motion to reopen.

In his motion to reopen, Plaintiff will essentially ask this Court to set aside its judgment dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380

(1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

## II.  CONCLUSION

It is therefore ordered that the motion to inquire procedure to reopen (ECF No. 9) is granted. If Plaintiff seeks to reopen his case, he will file the missing documents from his application to proceed *in forma pauperis* and file a motion to reopen within 30 days from the date of this order.

It is further ordered that Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

DATED THIS 10th day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE